### James Bridgeford & Co. v. George W. Newman.

**Power of County Court to Prescribe the Duties and Fees of Officers.**

An act purporting to vest in the county court of a county power to prescribe the fees of the sealer of weights and measures is unconstitutional, and such fees paid to such officer may be recovered back. The power to prescribe such fees is a legislative power, and under our constitution cannot be delegated by the general assembly to the county court.

**Compensation of Public Officers.**

An officer is not entitled to compensation for official services rendered by him unless there is a law which specifically gives him a fee or salary. No promise is implied on the part of those for whom he renders services to pay him for them.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 18, 1880.

Opinion by Judge Cofer:

Certain acts of the general assembly purport to confer upon the county court of Jefferson county power to prescribe the duties and fees of the sealer of weights and measures for that county. It is claimed by the appellants that the power to prescribe the duties and fees of a public officer is legislative in its nature, and cannot be delegated to the county court.

In our opinion there are two insuperable objections to the validity of such statutes, viz: 1. They violate that principle of American constitutional law, which forbids the legislature to delegate to any tribunal or body those powers which are by the constitution delegated to that body. 2. They violate that provision of the constitution of this state which declares:

Sec. 1. "That the powers of the government of the state of Kentucky shall be divided into three distinct apartments, and each of them be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judiciary, to another."

Sec. 2. "No person, or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

Sec. 1, Art. 2. "The legislative power shall be vested in a house

of representatives and senate, which, together, shall be styled the general assembly of the commonwealth of Kentucky.

The sealer of weights and measures of the county of Jefferson is a public officer of that county; and we do not understand his learned counsel to deny that the power to prescribe his duties and regulate his fees is legislative in its character. But they contend that the county courts in this state have always been invested with powers, some of which are judicial, some executive and some legislative in their nature. They refer to statutes empowering the county courts to establish ferries and fix the tolls; to grant tavern licenses and fix tavern rates, and to establish public roads and keep them in repair, as instances, and claim that the acts relating to the sealer of weights and measures can be sustained upon the same principles.

There are other instances in which these tribunals have been invested with powers not in their nature judicial. *Pennington v. Woolfolk,* 79 Ky. 13. But there are instances in which a long continued practice of the government has ripened into an authoritative construction of the constitution which the courts have felt compelled to respect. They commenced long before the adoption of the present, and some, if not all, before the adoption of the second constitution.

The construction given to the constitution by the enactment of statutes conferring these powers upon the county courts must have been known to the convention and the people, and the adoption of Art. 1, of the present organic law, in the very language of the Constitution of 1799, was a virtual, if not an actual, adoption of that construction.

But the readoption of that article also shows that the principal embodied in it was regarded as salutary, and that it was intended that it should have some effect. While it must be conceded that the acts conferring these powers are constitutional, although in apparent conflict with the organic law, yet it must also be conceded that the power of the legislature to confer upon the county courts powers not judicial is not unlimited.

The difficulty is to ascertain just where the line is which distinguishes the powers that may be thus conferred from those which may not. The powers not judicial which have heretofore been conferred relate mainly, if not exclusively, to matters which are in their nature either local or exceptional, and which could not be con-

veniently or efficiently exercised directly by the legislative or by the executive.

It would be extremely difficult, if not impracticable, to establish each ferry, tavern and road which the public convenience might from time to time demand, and to fix the tolls to be charged at each ferry and the rates to be charged at each tavern, by the direct action of the legislature. The very nature of the case, and the great inconvenience, if not the utter impracticability, of exercising these functions of government without the aid of some local agency, no doubt led to the conferring of power over these subjects upon the county courts; and the argument from inconvenience, though never either safe or satisfactory in considering a question of constitutional law, may be urged in favor of what has now become a well-settled construction of the constitution as to those particular powers which have been conferred upon county courts continuously from the adoption of our first constitution.

But even the poor argument of *ab inconvenienti* cannot be urged in favor of the acts now under consideration. The labor and skill required and the compensation that ought to be made for sealing weights and measures are matters as well known to the members of the general assembly as to the members of a county levy court, and are the same in all parts of the state.

But if it were otherwise, it would by no means follow that, because we must, from deference to a long continued practice of the government, never, so far as we know, called in question, hold to be constitutional acts conferring upon county courts power to establish ferries, taverns, roads, and to regulate the charges of the proprietors of ferries and taverns, that we ought to hold that power may also be conferred upon these courts to prescribe the duties and fees of a public officer.

An officer is not entitled to compensation for official services rendered by him unless there is a law which specifically gives him a fee or salary. There is no implied promise on the part of those for whom he renders services to pay him for them. The legislature has not declared what fees the sealer of weights and measures for Jefferson county shall receive. That is a matter it has attempted to confide to the county courts. The court has by an entry upon its record prescribed his fees, and unless these orders have the force of law there is no law entitling the officer to compensation, or making it the duty of any one to pay him for sealing weights and measures.

To recognize them as laws would be to disregard the well-settled rule of American constitutional law, that legislative power cannot be delegated by the body in which the constitution has vested the legislative power of the state, and to ignore the very letter of our own constitution which declares that no person being of one department, shall exercise any power properly belonging to either of the others.

That these acts are unconstitutional was strongly intimated by the court in a manuscript opinion given in 1873, in the case of *Byrne v. Newman.* If they are valid then it would be difficult to imagine a reason why an act which should empower the several county courts in the state to prescribe the fees of all the public officers of their respective counties would not be equally valid.

Such an act would differ from those under consideration in degree but not in principle. An order prescribing the fees of one officer is neither more nor less an act of legislation than an order prescribing the fees of all the officers in the county. That the power to prescribe the fees of public officers is strictly a legislative power we presume no one will question.

The power to fix the fees of an officer to be paid by individuals to whom he may render services is a totally different thing from the power to fix the compensation to be paid by the county to the county judge and attorney and others, whether officers or private persons, who render services for the public at large.

The county court is the tribunal designated by law, and recognized by the constitution, as the fiscal agent of the county, and is an integral part of the government of the state. In making an allowance to county officers to be paid out of the funds of the county it acts ministerially in matters directly connected with the subject of its agency. As the agent or fiscal authority of the state or county it makes allowances to be paid out of the funds of the principal. It acts in obedience to the law which has placed the funds under its control, and directs the disposition to be made of it; and its only power is to decide how much of that fund shall be applied to a particular purpose.

But no such relation exists, and no duty is to be performed, in fixing the fees to be paid to a public officer by a citizen for whom the officer performs services. It is in no sense the agent of the citizen nor is it authorized to bind him to pay fees, the right to which can only be created by law, unless it has legislative power. As the legal-

ly established agency of the public it may be invested with power to bind the public by its action, but it has no power to create rights and duties as between a public officer and a private citizen by simply declaring by an order that if the officer shall perform certain services for the citizen he shall be entitled to demand certain fees as compensation for the services. This is purely a legislative power which cannot be constitutionally delegated to it.

We are therefore of the opinion that so much of the several acts of the general assembly, relating to the office of sealer of weights and measures for Jefferson county, as purports to vest in the county court of that county power to prescribe the fees of the incumbent of that office, is unconstitutional, and that the money paid him by the appellants as fees for sealing weights and measures, if paid under the circumstances stated in the petition, may be recovered back.

The judgment dismissing the petition is *reversed* and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.

*Harlan & Willson, for appellants.*

*B. F. Camp, John Roberts, for appellee.*